HERBERT L. CARPENTER, *Attorney General ex rel.* vs. THE TOWN COUNCIL OF THE TOWN OF WARWICK.

APRIL 9, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Certiorari. Voting Lists. Removal of name from List.*

On certiorari seeking to have the name of a person stricken from the list of qualified tax paying voters, which list was prepared for a financial town meeting which had been held, the object being to eliminate such person as a member of a committee on the ground that he was not eligible at the time of his appointment, he not being a tax paying voter qualified within the provisions of the resolution providing for the appointment of the committee:—

*Held,* that inasmuch as the removal of the name from a list of voters which was not further available until it had been re-canvassed, would not effect the obvious purpose of the petitioner, and would amount to nothing the writ would be dismissed.

CERTIORARI.    Heard and writ dismissed.

VINCENT, J.    This is a petition for a writ of *certiorari* to be directed to the Town Council of the town of Warwick asking that a part of the record of said council sitting as a Board of Canvassers to correct the tax payers voting list may be quashed said list having been used at a special financial town meeting held in said town on March 6, 1924.

The writ of *certiorari* was issued as prayed and made returnable to this court on March 26, 1924 at which time the parties in interest appeared and were heard.

The petition sets forth that the members of the Town Council of the town of Warwick on March 1, 1924 sitting

as a Board of Canvassers for the purpose of correcting the tax payers voting list to be used at a special financial town meeting to be held on March 6, 1924 added to said list the name of one Clarence E. Palmer.

The petition further sets forth that said Clarence E. Palmer was not at that time eligible to be placed upon said list he never having been assessed upon any property nor paid a tax in said town.

That at said special financial town meeting holden on March 6, 1924 a resolution was adopted providing for the appointment of a committee of ten tax paying citizens of the town to act with the school committee of said town in the purchase of a site for a high school and to build, equip and furnish the building when erected.

There is nothing in the resolution indicating by whom the members of such committee were to be appointed nor is the manner in which they were to be selected disclosed in the record before us.   However, it appeared in argument that the members of such committee were appointed by the person presiding at the meeting.

The petitioner prays that the record so far as it relates to the placing of the name of Clarence E. Palmer upon the list of property voters may be quashed and that the name of said Palmer may be ordered stricken from said list of qualified tax paying voters.

Evidently the purpose of this proceeding is to eliminate Clarence E. Palmer as a member of this committee on the ground that he was not eligible at the time of his appointment, he not being a tax paying voter entitled to vote in a financial town meeting, and not eligible and qualified within the provisions of the resolution.

If the relief asked for could be granted and the name of Clarence E. Palmer stricken from the list of voters used at the financial town meeting on March 6, 1923 it would not be in any way effective.   The meeting for which this list was prepared and corrected has been holden.   Such a list has now passed its period of usefulness and is for all practical

purposes defunct and cannot, as it is, be used again. Before another meeting of the voters it must again pass under the scrutiny and be subject to such changes and corrections as may seem to the Board of Canvassers to be required in conformity with the statute. To strike the name of Palmer from a list of voters which is not further available could not possibly be of any service in attaining the object of the petitioner, that is, the removal of Palmer from the committee. Whether or not such removal could be accomplished by some other proceeding is a question which we are not called upon to consider. We cannot assume that the Board of Canvassers will fail to properly discharge their duties when the list is again before them for revision nor can we direct them as to what their future action shall be when they again assemble to correct the list for a future meeting.

As the matter now stands we think that, inasmuch as the removal of the name of Palmer from the voting list in question would not of itself effect the obvious purpose of the petitioner, and would amount to nothing, the writ of *certiorari* should be and is dismissed.

*John F. Murphy,* for petitioner.

*Harold R. Curtis, Edward M. Sullivan, Daniel A. Colton,* for respondents.